*FLOTTE* vs. *AUBERT*,
*AUBERT* vs. *MARTINEAU, IN WARRANTY.*

THIS suit was brought, in order to recover a slave, in the possession of the defendant *Aubert*, who had been purchased by *Aubert* of *Martineau*, which latter had been cited to defend the title to the property.

Defendant may cite, and have judgment against his vendor on the warranty.

S s

FALL 1812.
I. District.

FLOTTE
vs.
AUBERT.

AUBERT
vs.
MARTINEAU
IN WARRAN-
TY.

*Ellery*, for *Aubert*. Though no clause of warranty is inserted in the bill of sale we have produced, conveying this slave from *Martineau* to *Aubert*, yet, by the civil, as well as the common law, an implied warranty is annexed to every sale, in respect to the title of the vendor; and if the title prove insufficient, it requires no express warranty to entitle the vendee to recover the amount of the price and damages. The digest of the Civil Code, in case of eviction, contains the same principles and provisions. *Civil Code*, 354, *arts*. 49, 53. If, therefore, we are evicted of this property, we must look for satisfaction to our vendor; and it has been the practice of our courts, conformably to the principles of the civil law, to suffer all the parties interested to be admitted into one action, and with the principal suit, to decide also those instituted in warranty; by which means suits are lessened, expence saved, and justice speedily administered. In this case, we have regularly vouched in our vendor to defend his title; and, in case judgment in the principal suit should be rendered against us, evicting us of this property, we pray that judgment also, at the same time, be entered against him, for the restitution of the price we have paid, as well as costs we have incurred, either in the suit in warranty or principal suit. *Civil Code*, 354, *art*. 54.

Of this opinion was *the Court*, who, upon de-
ciding the principal cause against the defendant,
*Aubert*, directed judgment to be entered against
defendant in warranty, in favor of *Aubert*, for the
amount of the price specified in the bill of sale, and
all costs incurred in the suit in warranty, as well in
the principal suit.

*Mazureau*, for plaintiff.
*Hennen*, for defendant in warranty.